IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FOLGIA, et al.,

          Plaintiffs,

   v.

RED ROOF INNS, INC., et al.,

          Defendants.

CIVIL ACTION
NO. 12-2885

**OPINION**

**Slomsky, J.**                                                                                                              January 17, 2013

## I.    INTRODUCTION

The Pennsylvania Uniform Statute of Limitations on Foreign Claims Act, commonly referred to as the "borrowing statute," provides as follows: "The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."  42 Pa. Cons. Stat. § 5521(b).

The borrowing statute applies to the case before this Court in which a party was injured in an accident that occurred outside of Pennsylvania.  On June 1, 2008, Plaintiff Thomas Folgia ("Plaintiff") was injured in a hotel room located in Miami, Florida.  It was owned and operated by Defendant Red Roof Inns, Inc. ("Red Roof Inns").[1]  On May 24, 2012, Plaintiff and his wife, Bonnie Folgia (collectively "Plaintiffs"), who are residents of Pennsylvania, chose to sue Red Roof Inns by filing a Complaint in this Court, rather than filing one in a Florida court.  The

---

[1] Plaintiffs have sued two entities: Red Roof Inns, Inc. and Red Roof Services, Inc.  Both Defendants are collectively referred to in this Opinion as "Red Roof Inns."

statute of limitations in Florida for negligence is four years.[2]  The statute of limitations in Pennsylvania for negligence is two years.[3]  The borrowing statute, which applies to Plaintiffs' out-of-state claim, requires that the shorter Pennsylvania statute of limitations applies here.  Because the Complaint was filed nearly four years after the accident, the instant lawsuit would be barred.

Facing this seemingly insurmountable obstacle on Defendant's Motion to Dismiss, Plaintiffs request the Court transfer this case to the Southern District of Florida, another venue in which this case could have been filed initially.  The Court, however, will not grant Plaintiffs' request because the Southern District of Florida would also be bound by the Pennsylvania statute of limitations.  Therefore, for reasons that follow, the Court will grant Defendant's Motion to Dismiss and deny Plaintiffs' Motion for Change of Venue.

## II.   BACKGROUND

On June 1, 2008, Plaintiff Thomas Folgia was taking a shower in his hotel room at a Red Roof Inn in Miami, Florida.  (Doc. No. 1 at 2.)  A defective condition in the shower caused him to "suddenly and unexpectedly" slip and fall, causing serious injuries.  (Id.)

On May 24, 2012, three years, eleven months, and twenty-three days after his injury, Thomas Folgia and his wife, Bonnie Folgia, commenced an action in this Court by filing the Complaint against Red Roof Inns.  (Doc. No. 1.)  The Complaint alleges two claims: one for negligence brought by Thomas Folgia, and one for loss of consortium brought by Bonnie Folgia.  (Id. at 3–6.)

---

[2] Fla. Stat. § 95.11(3)(a).

[3] 42 Pa. Cons. Stat. § 5524(2).

On September 13, 2012, Red Roof Inns filed the Motion to Dismiss.  (Doc. No. 4.)  On October 11, 2012, Plaintiffs filed the Motion for Change of Venue to the Southern District of Florida (Doc. No. 9) and a Response in Opposition to the Motion to Dismiss (Doc. No. 10).  On October 18, 2012, Red Roof Inns filed a Reply in Further Support of the Motion to Dismiss.  (Doc. No. 12.)  On October 25, 2012, Red Roof Inns filed a Response in Opposition to the Motion for Change of Venue.  (Doc. No. 14.)  On November 13, 2012, the Court held a hearing on both Motions, and granted leave to both parties to file supplemental briefs.  On November 27, 2012, Red Roof Inns filed a Supplemental Brief in Support of the Motion to Dismiss and in Opposition to the Motion for Change of Venue.  (Doc. No. 17.)  On December 3, 2012, Plaintiffs filed a Supplemental Brief in Support of the Motion for Change of Venue and in Opposition of the Motion to Dismiss.  (Doc. No. 22.)  The matter is now ripe for disposition.

### III.    STANDARD OF REVIEW

####    A.    The Motion To Dismiss

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 1949; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss.  629 F.3d 121, 130 (3d Cir. 2010).

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago, 629 F.3d at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. May 26, 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler, 578 F.3d at 210–11 (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### B. The Motion For Change Of Venue

When venue is proper within a district, a party may move to change venue under 28 U.S.C. § 1404, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Id. § 1404(a).

### IV. ANALYSIS

### C. Defendant's Motion To Dismiss Will Be Granted Because The Claims Are Time-Barred On The Face Of The Complaint

A district court exercising diversity of citizenship jurisdiction over a case must apply the choice of law rules of the forum state, in this case Pennsylvania. Riggs v. AHP Settlement Trust,

4

421 Fed. App'x 136, 138 (3d Cir. 2011).  Because Plaintiffs were injured outside of Pennsylvania, they are subject to Pennsylvania's borrowing statute.  See id.  As stated above, the borrowing statute provides: "The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."  42 Pa. Cons. Stat. § 5521(b).  Thus, the statute of limitations for this case cannot exceed Pennsylvania's two year limitations period for a negligence action.

Federal Rule of Civil Procedure 8(c)(1) provides: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations . . . ."  Fed. R. Civ. P. 8(c)(1).  A statute of limitations defense must be raised at the earliest possible moment in litigation, which is normally in the answer.  Robinson v. Johnson, 313 F.3d 128, 134–37 (3d Cir. 2002).  However, under what is commonly referred to as the "Third Circuit Rule," it is permissible for "a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Robinson, 313 F.3d at 135 (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).  Thus, in this Circuit, an exception is made to the normal rule barring a statute of limitations defense under Rule 12(b)(6) "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.2d 1380, 1385 n.1 (3d Cir. 1994).  In this circumstance, facts alleged in the Complaint do not plausibly give rise to an entitlement for relief.

Here, the face of the Complaint clearly demonstrates that this case is time-barred.  The Complaint alleges that Plaintiff was injured in Florida on June 1, 2008.  (Doc. No. 1 at 2.)  The

statute of limitations in Florida for negligence is four years.  Fla. Stat. § 95.11(3)(a).  The statute of limitations in Pennsylvania for negligence is two years.  42 Pa. Cons. Stat. § 5524(2).  Applying the borrowing statute, Pennsylvania's two-year statute of limitations applies to Plaintiffs' case, which is time-barred after June 1, 2010.  The Complaint was filed on May 24, 2012, nearly two years after the limitations period ended.  Therefore, the Complaint was filed untimely, and Red Roof Inns' Motion to Dismiss will be granted.[4]

---

[4] The Court notes that Plaintiffs have made a number of arguments in an attempt to overcome the statute of limitations, all of which are unpersuasive.  First, Plaintiff asks the Court to follow Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482 (9th Cir. 1987), and apply a "governmental interest" approach to resolve the conflict of laws issue here.  (Doc. No. 22 at 3.)  As stated above, it is hornbook law that a federal court sitting in diversity is required to follow the choice of law rules of the forum state.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  In Ledesma, the forum state was California, and California has adopted a "governmental interest" approach to resolving a conflict of laws issue.  This Court is under no obligation to follow California law.  To the contrary, this Court is obligated to follow Pennsylvania law because this case is based on diversity of citizenship jurisdiction, and this Court is located in Pennsylvania.  The relevant law in Pennsylvania is found in the borrowing statute, 42 Pa. Cons. Stat. § 5521(b).

Second, Plaintiffs ask the Court to apply a "balancing test" and "overrule" the borrowing statute.  (Doc. No. 22 at 5.)  In support, Plaintiffs cite McCann v. Foster Wheeler LLC, 48 Cal. 4th. 68 (2010).  McCann is a decision from the Supreme Court of California that addresses California's conflict of laws policies and, as stated above, the Court may not apply California law to this case.

Finally, Plaintiffs request that the Court strike down Pennsylvania's borrowing statute as unconstitutionally overbroad.  (Doc. No. 22 at 6.)  Plaintiffs cite no case to support this argument, do not specify what constitutional provision has been violated, and do not specify whether the argument falls under the U.S. Constitution or the Pennsylvania Constitution.  Regardless, the borrowing statute is not unconstitutional.  The law is derived from an act passed on June 26, 1895.  See Mister v. Burkholder, 56 Pa. Super. 517, 520–21 (1914).  The present borrowing statute is based on the Uniform Statute of Limitations on Foreign Claims Act.  Official Source Note, 42 Pa. Cons. Stat. § 5521 (West 2004).  Two other states have adopted the uniform statute.  See Okla. Stat. tit. 12 §§ 104–08; W. Va. Code §§ 55-2A-1–6.  The law has been applied routinely by federal and state courts for decades.  See, e.g., Cope v. Anderson, 331 U.S. 461, 468 (1947) (analyzing a predecessor to the modern borrowing statute); Ross v. Johns-Manville Corp., 766 F.2d 823, 827–28 (3d Cir. 1985); Estate of Thouron v. Cecil Smith & Assocs., No. 12-3421, 2013 WL 56090, at *1 (E.D. Pa. Jan. 3, 2013); Giacobbe v. Celotex Corp., 629 F. Supp. 827, 829 (E.D. Pa. 1985); Coleman v. Wyeth Pharm., Inc., 6 A.3d 502, 527 n.12 (Pa. Super. Ct. 2010); Mister, 56 Pa. Super. at 520–21.

D.     **Plaintiffs' Motion For Change Of Venue Will Be Denied Because Transferring This Case Would Not Cure The Complaint's Untimeliness**

At the hearing on the instant motions, Plaintiffs' counsel indicated that he was unaware of the existence of the borrowing statute before he filed this lawsuit. Apparently recognizing that the borrowing statute requires the Court to dismiss this lawsuit, Plaintiffs filed a Motion for Change of Venue to the Southern District of Florida, hoping to avail themselves of Florida's more generous four-year statute of limitations in order to keep this case alive. Although both parties agree here that venue is proper in the Eastern District of Pennsylvania, Plaintiffs argue in their Supplemental Brief that § 1404(a) supports their request to transfer the case. (Doc. No. 22.) However, even if transfer were warranted under § 1404(a), the Southern District of Florida would also be obligated to apply Pennsylvania's two-year statute of limitations and dismiss this case. Given this requirement, Plaintiffs' request to transfer this case to the Southern District of Florida will be denied because it would be futile.

Recognizing this futility, Plaintiffs' counsel still argues that "it is not within the interests of justice for the plaintiffs to be deprived of their day in Court." (Id.) Plaintiffs' counsel is correct that an injustice may occur. Had he been aware of the existence of Pennsylvania's borrowing statute, perhaps he would have chosen to protect Plaintiffs' case by filing the complaint in Florida. Filing a lawsuit in the wrong forum can undermine the viability of an otherwise meritorious lawsuit.

Pennsylvania's borrowing statute, 42 Pa. Cons. Stat. § 5521, is a choice of law rule. See Hartz v. Diocese of Greensburg, 94 Fed. App'x 52, 55 (3d Cir. 2004); Schreiber v. Eli Lilly & Co., No. 05-2616, 2006 WL 782441, at *6 n.12 (E.D. Pa. Mar. 27, 2006) ("The operative choice-of-law rule in Pennsylvania is found in Pennsylvania's borrowing statute . . . ."). Because Plaintiffs' counsel filed this lawsuit in the Eastern District of Pennsylvania, this Court is required

to apply Pennsylvania's choice of law rules, including the borrowing statute. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>see</u> <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938). In <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964), the U.S. Supreme Court held that where "defendants seek transfer [under 28 U.S.C. § 1404(a)], the transferee district court must be obligated to apply the state law that would have applied had there been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." <u>Id.</u> at 639. Although <u>Van Dusen</u> left open whether the holding of that case should apply to a plaintiff-induced transfer, in <u>Ferens v. John Deere Co.</u>, 494 U.S. 516 (1990), the Court held that "[t]ransfers initiated by a plaintiff involve some different considerations, but lead to the same result," and that "the transferor law should apply regardless of who makes the § 1404(a) motion." <u>Ferens</u>, 494 U.S. at 525, 531.

In <u>Can v. Golsorkhi</u>, No. 95-1657, 1995 WL 621599 (E.D. Pa. Oct. 23, 1995), the court was faced with nearly identical circumstances to this case, except instead of Florida, plaintiff sought to transfer the case to Maryland:

> Plaintiff's counsel requests that I transfer this action to federal court in Maryland, apparently because he believes that doing so will satisfy that state's three-year statute of limitations. It is unusual, but not unprecedented, for a plaintiff to file suit in one forum and then request a transfer to a different forum in which she could have initially filed suit . . . .
>
> [P]laintiff's counsel argues that a transfer is demanded by the interests of justice. He notes that it is unfortunate that the plaintiff's claim is time-barred merely due to "counsel's unfortunate choice of Pennsylvania as a forum." The remedy proposed by plaintiff's counsel is also unfortunate. If I were to transfer this action to federal court in Maryland, that court would be bound to apply the same Pennsylvania statute of limitations which governs here. Therefore, plaintiff's action would be time-barred in Maryland. . . .

1995 WL 621599, at *4 (citing <u>Van Dusen</u> and <u>Ferens</u>).

Thus, even if this case were transferred to the federal court in the Southern District of Florida, the Complaint would still be time-barred because that court would be obligated under

8

<u>Ferens</u> to apply Pennsylvania's borrowing statute.  Therefore, transfer would be futile.  The tactic of Plaintiffs' counsel to transfer this case to the forum where it should have been filed originally is not the way to protect a lawsuit from lapsing under a limitations period.

## V.    CONCLUSION

Red Roof Inns' Motion to Dismiss will be granted.  Plaintiffs' Motion for Change of Venue will be denied.  An appropriate Order follows.